UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| JOEL KOSKAN,<br><br>        Plaintiff,<br><br>Vs.<br><br>KELLIE WASKO, Secretary of Department of Corrections, State of South Dakota, in her individual and official capacity; BRENT FLUKE,[1] Warden, Mike Durfee State Prison, in his individual and official capacity; ALEJANDRO REYES, Associate Warden, Mike Durfee State Prison, in his individual and official capacity; and UNKNOWN DEPARTMENT OF CORRECTION POLICY BOARD MEMBERS, Board members, South Dakota Department of Corrections, in their individual and official capacity; and SOUTH DAKOTA LEGISLATORS, in their individual and official capacities,<br><br>        Defendants. | 4:24-CV-04006-LLP<br><br><br>1915A SCREENING ORDER |

    Plaintiff Joel Koskan filed a pro se prisoner[2] civil rights lawsuit under 42 U.S.C. § 1983. Doc. 1. This Court granted Koskan's motion for leave to proceed in forma pauperis, and he timely paid his filing fee. Doc. 5. This Court now screens Koskan's complaint under 28 U.S.C. § 1915A.

---

    [1] Koskan sues Fluke in his individual and official capacities. Doc. 1 at 2. Fluke is no longer the warden at the Mike Durfee State Prison. Because all of Koskan's claims are dismissed on screening, this Court does not automatically substitute Fluke's successor under Federal Rule of Civil Procedure 25(d), because doing so would be futile.

    [2] At the time Koskan filed his complaint, he was an inmate at the Mike Durfee State Prison. Doc. 1 at 1. He was later transferred to the Yankton Community Work Center. Doc. 9.

1

**1915A SCREENING**

I.     **Factual Background as Alleged by Koskan**

Koskan appears to allege that he was convicted of incest. Doc. 1 at 7–9. He claims that the defendants have discriminated against inmates who are convicted of sex offenses when granting work release. *Id.* at 5; Doc. 1-1 at 1–2, 5. Koskan alleges that the South Dakota Department of Corrections' (DOC) policy is that non-violent offenders are eligible for work release at eighteen months before their initial parole date, but "the DOC policy bars those identified as sex offenders from that privilege without following state law that allows for all inmates to be evaluated on a case by case situation." Doc. 1 at 5; *see also* Doc. 1-1 at 3–4, 6–7 (identifying that DOC Policy 1.5.A.05 states that offenders identified as sex offenders are not eligible for work release). He completed all of his individual program directives, but because of the DOC's policy, Koskan has not been granted work release and cannot "contribute to [his] household income and support [his] wife and children at home." Doc. 1 at 5.

The DOC has listed Koskan's name on the Sex Offender Registration and Notification Act (SORNA) website. *Id.* at 6. Koskan claims that "[a]ccording to federal law [he is] not a sex offender and thus should not be listed federally." *Id.* Koskan alleges that the South Dakota law he was convicted of violating requires a mutual consensual adult relationship to occur, but he claims that "[f]ederal law states [his] offense is not a registerable offense under SORNA." *Id.* Koskan has spoken to Mike Durfee State Penitentiary Case Manager Luke about his name being listed on the SORNA website, but Luke said that she did not have control over the listing. *Id.*

Koskan also claims that the South Dakota Legislators have passed unconstitutional laws, requiring adults convicted of incest to register on the sex offender registry. *Id.* at 7–9. Koskan sues all defendants in their individual and official capacities. *Id.* at 2–3. He requests that the

Court require the DOC to follow state and federal law to decide work release on a case-by-case basis. *Id.* at 10. He asks that the Court require South Dakota and the DOC to remove his name and information from SORNA and the registry. *Id.* To resolve the "legislative unconstitutionality[,]" he asks that this Court order that adult incest offenders do not have to register as a sex offender. *Id.*

## II.   Legal Standard

The Court must assume as true all facts well pleaded in the complaint. *Est. of Rosenberg v. Crandell*, 56 F.3d 35, 36 (8th Cir. 1995). Civil rights and pro se complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, "a *pro se* complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985); *see also Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013). Civil rights complaints cannot be merely conclusory. *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993); *Parker v. Porter*, 221 F. App'x 481, 482 (8th Cir. 2007).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). If it does not contain these bare essentials, dismissal is appropriate. *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985). *Twombly* requires that a complaint's factual allegations must be "enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 555 (citations omitted); *see also Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008) (noting complaint must contain either direct or inferential allegations regarding all material elements necessary to sustain recovery under some viable legal theory).

Under 28 U.S.C. § 1915A, the Court must screen prisoner complaints and dismiss them if they "(1) [are] frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). The Court will now assess each individual claim under 28 U.S.C. § 1915A.

### III.   Discussion

Liberally construing Koskan's complaint, he alleges two claims: (1) a claim alleging that he should not be categorized as a sex offender and (2) a claim alleging that the prison does not allow individuals convicted of sex offenses to participate in work release. Doc. 1.

#### A.   Sex Offender Classification

Koskan alleges that he should not be listed on the SORNA website because he alleges that he was not convicted of a sex offense. Doc. 1 at 6. He also alleges that SDCL § 22-24B-1, which is the statute determining what is classified as a sex crime, is unconstitutional because it does not differentiate between incest and aggravated incest. *Id.* at 7. However, because Koskan has not included sufficient information for this Court to know what he actually pleaded to in his criminal case or any conditions imposed in the plea agreement, Koskan has not provided sufficient information to state a claim upon which relief may be granted. Koskan requests that this Court order Defendants to remove his name from the sex offender registry and not require any adult incest offenders to have to register. *Id.* at 10. Koskan has alleged insufficient facts for this Court to find that he has stated a claim upon which relief may be granted, and his claim seeking his removal from the sex offender registry is dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Because Koskan's claim seeking removal of his name from the sex offender registry has been dismissed, and pro se plaintiffs cannot assert claims on behalf of others, 28 U.S.C. § 1654, he does not have standing to challenge the

registration requirements for any other adult incest offender. *See Warth v. Seldin*, 422 U.S. 490, 499 (1975).

### B.     Work Release Equal Protection

Koskan claims that the defendants violated his Fourteenth Amendment right to equal protection because they discriminate against sex offenders in their work release program. Doc. 1 at 5. The equal protection clause of the Fourteenth Amendment requires that the government "treat similarly situated people alike," a protection that applies to prisoners. *Murphy v. Mo. Dep't of Corr.*, 372 F.3d 979, 984 (8th Cir. 2004) (quoting *Rouse v. Benson*, 193 F.3d 936, 942 (8th Cir. 1999)). To show an equal protection violation, Koskan must show: (1) he is treated differently than a similarly situated class of inmates, (2) the different treatment burdens a fundamental right, and (3) there is no rational relation between the different treatment and any legitimate penal interest. *Id.* (citing *Weiler v. Purkett*, 137 F.3d 1047, 1051 (8th Cir. 1998) (en banc)). An equal protection violation also requires "an intent to discriminate." *In re Kemp*, 894 F.3d 900, 910 (8th Cir. 2018).

An equal protection claim has been recognized through a "class of one" where a "plaintiff alleges that [he] has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). The Eighth Circuit applied a class of one analysis in the prison setting to an inmate's allegations of discrimination because the parole board denied him parole but granted parole to similarly situated inmates. *Nolan v. Thompson*, 521 F.3d 983, 989 (8th Cir. 2008). In *Nolan*, the Eighth Circuit held that "[a] class-of-one plaintiff must therefore 'provide a specific and detailed account of the nature of the preferred treatment of the favored class,' especially

when the state actors exercise broad discretion to balance a number of legitimate considerations." *Id.* at 990 (quoting *Jennings v. City of Stillwater*, 383 F.3d 1199, 1214–15 (10th Cir. 2004)).

Here, Koskan alleges that inmates who are convicted of a sex offense are treated differently than inmates who are not convicted of a sex offense because sex offenders are not able to participate in work release. Doc. 1 at 5. The Eighth Circuit has held that "[t]he state's decision to distinguish sex offenders as a group from other inmates and exclude them from the work release program is rationally related to the legitimate government purpose of preventing sex crimes and thus does not violate the equal protection clause." *Mahfouz v. Lockhart*, 826 F.2d 791, 794 (8th Cir. 1987) (per curiam). Thus, Koskan's Fourteenth Amendment work release equal protection claim is dismissed with prejudice for failure to state a claim upon which relief may be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

      C.      **Work Release Due Process**

Koskan claims that his Fourteenth Amendment right to due process has been violated because he was denied work release due to his classification as a sex offender. Doc. 1 at 5. "The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Smith v. McKinney*, 954 F.3d 1075, 1079 (8th Cir. 2020) (quoting *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005)). "[T]here is no constitutionally based liberty interest in participating in a work release program, [but] a state may create such a liberty interest when its statutes or regulations place substantive limitations on the exercise of official discretion or are phrased in mandatory terms." *Mahfouz*, 826 F.2d at 792. Koskan does not identify a state-created liberty interest, and he has not shown that the South Dakota statute governing work release programs created a liberty interest. *See* SDCL § 24-8-1 ("The warden

may, with or without cause, terminate or suspend any such release."). Because Koskan has not shown that he has a liberty interest in a work release program, his Fourteenth Amendment work release due process claim is dismissed with prejudice for failure to state a claim upon which relief may be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).[3]

### MOTION TO ADD TO BRIEF AND ADD DEFENDANT

Koskan moves to add the State of South Dakota as a defendant. Doc. 8 at 1. He also filed a "motion to add information to [his] pending lawsuit and also to consider prior informational or supplemental briefs as briefs and not amend the initial lawsuit." *Id.* His filing includes information about the history of SDCL § 22-24B-1, but the filing does not resolve any of the previously identified issues with Koskan's complaint. *Id.* Because the added facts in Koskan's "supplemental information" do not fix the shortcomings of his complaint, his motion to add to brief and defendant, Doc. 8, is denied.

Accordingly, it is ORDERED

1. That Koskan's sex offender classification claim is dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

2. That Koskan's work release equal protection claim is dismissed with prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

3. That Koskan's work release due process claim is dismissed with prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

---

[3] Koskan filed a notice of change of address, which includes a private address and not a correctional facility. Doc. 10. It appears that Koskan may have been released on parole. *See Offender Locator*, S.D. Dep't of Corr., https://docadultlookup.sd.gov/adult/lookup/ (last visited June 24, 2025).

4. That Koskan's motion to add to brief and add defendant, Doc. 8, is denied.

DATED June 26th, 2025.

BY THE COURT:

*Lawrence L. Piersol*
Lawrence L. Piersol
United States District Judge